# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE NAVARRO, et al., | Case No. 1:24-cv-00288-JLT-SAB |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF |
| v. | (ECF No. 35) |
| WALMART, INC., | |
| Defendant. | |

On February 20, 2025, Plaintiffs filed an "unopposed administrative motion to request leave to file a first amended consolidated class action complaint" pursuant to Local Rule 233. (ECF No. 35.) The Court finds an opposition or non-opposition by Defendant would not aid the Court in deciding the instant motion. See L.R. 233(b) ("Any non-moving party may file an opposition or supporting statement relating to a Motion for Administrative Relief within five (5) days after the motion has been filed.").[1]

In their motion requesting administrative relief, Plaintiffs seek leave to file an amended consolidated class action complaint. (ECF No. 35 at 2.) Plaintiffs proffer substantive arguments as to why leave to amend should be granted. Plaintiffs also attach a copy of the proposed seventy-two page first amended consolidated class action complaint. Additionally, Plaintiffs request, without written consent from Defendant, that the Court deny Defendant's pending

---

[1] The Court also recognizes Plaintiffs' opposition to Defendant's motion to dismiss the operative complaint is due on February 24, 2025. (ECF No. 33.) The instant motion for administrative relief would not be deemed submitted until February 25, 2025. L.R. 233(c).

1  motion to dismiss the operative consolidated class action complaint as moot. (ECF No. 35-2.)

2  "Miscellaneous administrative matters which require a Court order may be brought to the Court's attention through a motion for administrative relief. Examples of matters that such motions may address include motions to exceed applicable page limitations; requests to shorten time on a motion; requests to extend a response deadline; requests to alter a briefing schedule; or requests to alter a discovery schedule that does not affect dispositive motion filing dates, trial dates, or the final pre-trial conference." L.R. 233.  A motion for leave to file an amended pleading does not qualify as a miscellaneous administrative matter.  Neither is denying a pending motion to dismiss a miscellaneous administrative matter.  Motions for leave to file amended pleadings and motions to dismiss are governed by Local Rule 230.  A motion to shorten time under Local Rule 233 may be filed, if necessary, with a motion governed by Local Rule 230.[2]

The Court shall deny Plaintiffs' motion for administrative relief. In doing so, the Court emphasizes it is not denying a motion for leave to amend nor granting a motion to dismiss, which are dispositive matters that require findings and recommendations be issued. Rather, the Court is denying Plaintiffs' instant motion for administrative relief pursuant to Local Rule 233 as an improper procedural vehicle to amend a pleading and resolve a dispositive motion.

Accordingly, the Court DENIES Plaintiffs' request for administrative relief for leave to file a first amended consolidated class action complaint (ECF No. 35) as procedurally improper.

IT IS SO ORDERED.

Dated: __February 21, 2025__            _____
                                         STANLEY A. BOONE
                                         United States Magistrate Judge

---

[2] That Plaintiff's motion for administrative relief is "unopposed" by Defendant is inconsequential. Unless the moving party has obtained "the opposing party's written consent," Fed. R. Civ. P. 15(a)(2), motions for leave to file amended pleadings that are not stipulated, but are ultimately unopposed, are still governed by Local Rule 230.