UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE NAVARRO, et al., | Case No. 1:24-cv-00288-JLT-SAB |
| Plaintiffs, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. 60) |
| v. | GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS (Doc. 49) |
| WALMART, INC., | |
| Defendant. | |

Plaintiffs commenced this consumer fraud class action on March 8, 2024. (Doc. 1). As relevant here, on March 13, 2025, plaintiffs filed their first amended consolidated class action complaint. (Doc. 43). On April 28, 2025, defendant moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim. (Doc. 49). The Court referred the matter to the assigned magistrate judge. (Doc. 50).

On December 12, 2025, the magistrate judge issued findings and recommendations that the Court grant in part and deny in part defendant's motion to dismiss.  (Doc. 60). That order informed the parties that they had fourteen days within which to object to the findings and recommendations. (*Id.* at 32). The parties were advised that "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). On December 26, 2025, plaintiffs filed objections. (Doc. 61). On January 9, 2026, defendant filed a response to the objections. (Doc. 63); *see* E.D. Cal. Local Rule 304(d)).

As noted by the magistrate judge, the first amended complaint's claims regarding benzene labelling and BPO reformulation are categorically preempted by the Food, Drug, and Cosmetic Act (FDCA) and its regulations regarding Topical Acne Drug Products for Over-the-Counter Human Use (Acne Monograph) and Current Good Manufacturing Practices (cGMP). (*See* Doc. 60 at 18-22). To the extent plaintiffs could show standing to assert claims for economic injury raised by un-preempted parallel state law claim(s) including claims that defendant's BPO products were adulterated and misbranded due to the presence or risk of benzene, the magistrate judge correctly found plaintiffs fail to allege sufficient factual detail. (*Id.* at 22-30). For example, the alleged presence of benzene in BPO products tested by Valisure and plaintiffs' counsel does not plausibly support the presence of benzene in the BPO products purchased by plaintiffs, much less presence in excess of any regulatory threshold. Alleged violations of the Acne Monograph and cGMP including as to adulteration and misbranding similarly fall short of plausible.

The magistrate judge correctly found plaintiffs do not allege facts that support that defendant violated the Acne Monograph and cGMP, much less systematically and uniformly did so, precluding any inferential extrapolation of alleged benzene contamination in tested BPO products to the BPO products plaintiffs purchased. (*See id.* at 24-30). Plaintiffs do not allege facts that the BPO products they purchased were tested for and found to contain benzene. In any event, plaintiffs do not allege any binding regulatory benzene safety threshold, 2 ppm or otherwise, applicable to defendant's BPO products. *See O'Dea v. RB Health (US) LLC,* 779 F. Supp. 3d 1135, 1148 (C.D. Cal. 2025) (citing 21 U.S.C. § 379r(a)(2)) ("Because the FDCA and the FDA's regulations establish no such [2 ppm] limit, Plaintiffs' claims . . . are therefore expressly preempted.").

Plaintiffs' objections are not persuasive. The magistrate judge properly considered the legal standards and the parties' authorities and arguments in assessing the plausibility of claims raised by the first amended complaint. Particularly, the magistrate judge's preemption analysis is reasoned and, as respondent observes, consistent with the Court's rulings in similar cases. (*See* Doc. 60 at 22-30; Doc. 63 at 3 collecting cases). The Court rejects plaintiffs' claim that the magistrate judge required extensive evidence and engaged in improper fact finding. The magistrate judge's citation to *Weber* in finding implausible any un-preempted claim the alleged presence of benzene in BPO product violates

cGMP or otherwise renders the BPO product adulterated or misbranded, is not reason to find otherwise. (*See* Doc. 60 at 22-30 citing *Weber v. Allergan, Inc's*, 940 F.3d 1107, 1112 (9th Cir. 2019) ("[T]o survive [FDCA] preemption, a plaintiff cannot simply demonstrate a defect or a malfunction and rely 'on res ipsa loquitur to suggest only . . . that the thing speaks for itself.' "). Plaintiffs' objections based upon the magistrate judge's application of Rules 8 and 9(b) are unsupported by factual matter and mischaracterize the magistrate judge's discussion and findings and are unavailing. (*See* Doc. 61 at 15-20; *cf.* Doc. 60 at 24-30).

The magistrate judge need not specifically address every argument advanced and considered. *Smith v. Allison*, 2014 WL 6608753, at *3 (E.D. Cal. Nov. 19, 2014), *report and recommendation adopted*, 2015 WL 65552 (E.D. Cal. Jan. 5, 2015). Plaintiffs' re-argument of authorities considered by the magistrate judge and their newly proffered supplemental authority supporting objections to the magistrate judge's implausibility findings are unpersuasive. (*See* Doc. 64-1, *Order and Opinion*, *In re Target Corporation BPO Sales and Marketing Litigation*, Case No. 24-cv:1323, ECF. No. 80 (D. Minn. Jan. 20, 2026)). Particularly, it remains that mere legal conclusions are not taken as true for purposes of Rule 12. (*See Id.* at 30 quoting *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Plaintiffs are not entitled to cure their Rule 12 pleading deficiencies by proceeding directly to discovery, for the reasons stated. (*See* Doc. 61 at 6, 15, 18).

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations are supported by the record and by proper analysis. Therefore, the Court **ORDERS**:

1.  The findings and recommendations issued on December 12, 2025 (Doc. 60), are **ADOPTED IN FULL**.

2.  The motion to dismiss the first amended consolidated class action complaint pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6) is **GRANTED** with leave to amend by not later than 30 days following service of this order.

3.  The motion to dismiss otherwise is **DENIED** as moot.

4.  Any failure by Plaintiffs to abide by the deadline above may result in summary dismissal of

the action without further notice.

IT IS SO ORDERED.

Dated:   **February 2, 2026**

UNITED STATES DISTRICT JUDGE