# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE NAVARRO, et al.,<br>Plaintiffs,<br>v.<br>WALMART, INC.,<br>Defendant. | Case No. 1:24-cv-00288-JLT-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS |

Plaintiffs commenced this consumer fraud consolidated class action regarding alleged economic harms caused by the sale of defendant's benzol peroxide ("BPO") acne treatment drug products. (Doc. 1). As relevant here, on March 4, 2026, plaintiffs filed their operative second amended consolidated class action complaint asserting independent state-law claims for unfair competition, false advertising, consumer protection violations, warranty breaches, negligent misrepresentation, and unjust enrichment. (Doc. 66.) On March 27, 2026, defendant moved to dismiss this action pursuant to Fed. R. Civ. P. 8, 9(b), 12(b)(1), and 12(b)(6). (Doc. 69).

The Court referred the motion to the assigned magistrate judge for the preparation of findings and recommendations. (Doc. 72). On August 13, 2026, the magistrate judge issued findings and recommendations recommending granting in part and denying in part the motion to dismiss. (Doc. 83). That order informed the parties that they had fourteen days within which to object to the findings and recommendations. (*Id.* at 45). The parties were advised that "failure to file objections within the

specified time may result in the waiver of rights on appeal." (*Id.* citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). On August 27, 2026, defendant filed objections. (Doc. 84). On September 10, 2026, plaintiffs filed a response to defendant's objections. (Doc. 85); *see* E.D. Cal. Local Rule 304(d).

As noted by the magistrate judge, the second amended consolidated class action complaint's expanded allegations and regulatory pathways, supported by matters judicially noticed and persuasive authority, cure the preemption and plausibility deficiencies that afflicted the first amended consolidated class action complaint. Particularly so as to adulteration and misbranding theories and specified state parallel claims and economic and injunctive relief thereunder.

Defendant's objections to the instant findings and recommendations are not persuasive. The magistrate judge necessarily conducted a new preemption determination on the superseding expanded regulatory and factual allegations in the second amended consolidated class action complaint including matters judicially noticed. Defendant objects on grounds the magistrate judge reversed his findings and recommendations relating to the first amended consolidated class action complaint lacks merit. That plaintiffs were able to cure prior noted deficiencies is not a proper basis for objection. Relatedly, findings on the superseded pleading's regulatory and factual allegations did not establish "law-of-the-case." (Doc. 84 at 5); *see Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018) (citing *City of L.A. v. Santa Monica Baykeeper*, 254 F.3d 882, 888–89 (9th Cir. 2001) ("The law of the case doctrine does not, however, bar a court from reconsidering its own orders before judgment is entered or the court is otherwise divested of jurisdiction over the order."). Defendant's collected cases in this regard are not a basis to find otherwise because unlike here, those cases involved a prior ruling on the same pleading and legal standard. (See Doc. 84 at 11).

The magistrate judge reasonably considered the authority argued by the parties and the record before him in reaching his new preemption determination.[1] Defendant's disagreement with the magistrate judge's determination and re-argument of matters considered by the magistrate judge are not a basis for objection. For example, defendant's objection that the second amended consolidated class

[1] The Court has not reviewed de novo issues of parallelism. 28 U.S.C. § 636(b)(1)(C). The magistrate judge observed defendant's failure to "dispute parallelism," allowing that issue could be raised in a later dispositive motion. (Doc. 83 at 28-29). Defendant did not object or respond. (See Doc. 84).

action complaint and the instant findings and recommendations conflate mutually exclusive theories of benzene contamination (i.e. inherent BPO instability versus violation of cGMP requirements for BPO products), falls short given plaintiffs' expanded allegations including as to incorporated regulatory pathways for monograph drugs under Section 351(b) and the magistrate judge's related preemption analysis. In any event, plaintiffs correctly observe the propriety of alternative pleading. (*See* Doc. 85 at 5 citing Fed. R. Civ. P. 8(d)).

Defendant's objection to the magistrate judge's plausibility findings similarly lack merit given plaintiffs' expanded allegations including as to adulteration and misbranding theories and cGMP omissions and reasonable inference therefrom. For example, defendant advances a rehash of the superseded allegations and the findings and recommendations thereon. (*See* e.g., Doc. 84 at 16-19).

Defendant's remaining objections are not a basis to depart from the instant findings and recommendations. The objection that plaintiffs lack standing for injunctive relief on grounds they "cannot be deceived in the future," (Doc. 84 at 20) is unavailing because the magistrate judge properly applied the *Davidson* standard to plaintiffs' amended allegations. (*See* Doc. 83 at 37-38 citing Doc. 66 at 22, and *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967-70). Defendant's re-argument of *Monsanto Co. v. Durnell*, 609 U.S. ___, 146 S. Ct. 2001 (2026), is unavailing because the magistrate judge correctly found that case to be inapposite. (*See* Doc. 83 at 21-22). Also, the magistrate judge's citation to *Rutledge v. Walgreen Co.*, 182 F.4th 168 (2d Cir. 2026), albeit a case involving the Internal Analgesic, Antipyretic, and Antirheumatic Drug Products ("IAAA") Monograph, is not a basis for objection. The monograph in *Rutledge*, like the monograph in issue here, did not expressly prohibit additional warnings. (*See* Doc. 83 at 18); *Rutledge*, 182 F.4th at 180.

The Court declines to entertain defendant's purported alternative objection in the form of a request that the Court defer ruling on the instant motion to dismiss "pending the Ninth Circuit's decision in *O'Dea [v. RB Health (US) LLC*, No. 25-3240 (9th Cir.)]." (Doc. 84 at 5-6). The request is not a proper objection. Nor have plaintiffs joined in the request effectively staying this proceeding.

Finally, the magistrate judge did not err in finding the economic loss doctrine bars recovery on claimed negligent misrepresentation; that an unjust enrichment claim which simply duplicates, or replaces, a conventional contract or tort claim is unavailable under New York law; and that plaintiffs'

related counts be dismissed without leave to amend. (*See* Doc. 83 at 42-44). Plaintiff has not objected to these findings and recommendations. (*See* docket).

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The findings and recommendations (Doc. 83) filed August 13, 2026, are **ADOPTED** in full.
2. The Court **GRANTS IN PART** and **DENIES IN PART** defendant's motion to dismiss the second amended consolidated class action complaint (Doc. 69) as follows:
   a. Defendant's motion to dismiss as to plaintiffs' count VI claiming negligent misrepresentation/omission and count VII to the extent it claims unjust enrichment under New York law is **GRANTED** without leave to amend.
   b. Defendant's motion to dismiss is otherwise **DENIED**.

IT IS SO ORDERED.

Dated: September 27, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE